No. 339

SAULPAUGH v. BORN et

Ohio Appeals, 9th Dist., Medina Co.

Decided April 22, 1925

**1223. VACATION—Where joint judgment is made on a joint obligation in pursuance of a joint confession authorized by joint warrant of attorney; when the court finds that one of defendants was dead at the time of the judgment and enters under proper proceeding, a vacation as to the decedent, it may later enter a vacation as to the other defendant although such ground was no set forth in the subsequent application; all facts being shown, however by the pleadings and transcript of the case.**

First Publication of this Opinion

WASHBURN, J.

On May 18, 1921, Jacob and Mary Born signed a cognovit note wherein they jointly

promised to pay to J. M. Geisinger a certain sum of money. The note was endorsed without recourse on the back by Geisinger. On March 21, 1924, Louis E. Saulpaugh filed a petition in the Medina Common Pleas against the Borns. Judgment was confessed against them for the amount of the note. At the time of the filing of this action Mary Born was dead and the judgment was vacated and her administrator allowed to file an answer.

Subsequently Jacob Born filed an action which was entitled "application to vacate judgment and answer of Jacob Born" it being set forth that he was induced to sign the note through fraudulent representations of Geisinger, and that said note was transferred long after it became due and payable and that said transfer was not bona fide, but was for the purpose of defrauding him of his rights.

Thereafter the application came on for hearing, counsel for Saulpaugh appearing and taking part therein without objection. The court heard the application and ordered the judgment vacated, but suspended the vacation pending trial of the cause to which ruling Saulpaugh excepted and prosecuted error here. The Court of Appeals held:

1. The Medina Common Pleas was of the opinion the Born's motion contained one or more of the statutory grounds of vacation as provided by 11631 GC. and that same was in compliance with 11637 GC.

2. We do not see that the motion sets forth any of the grounds under 11631 GC. It does set forth facts, which if true, would constitute a good defense, but the fraud is alleged in the obtaining of the note and not the judgment.

3. There are however ample grounds for vacation of the judgment, the note was joint, the confession was joint, the answer was joint and the judgment was joint and as one of the parties was dead at the time the judgment was taken it should have been vacated.

4. It would seem, therefore, in this case, that a judgment against any of the defendants could not have been properly entered under authority of the joint warrant of attorney after the death of one of the parties signing such warrant of attorney. Hoffmaster v. McKelvey Co., 88 OS. 552.

Judgment affirmed.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Francis J. Cook for Saulpaugh; J. W. Seymour for Born; all of Medina.